IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Deloris Jenkins, Cordelia Jenkins, and Carol Richardson, <br><br> Plaintiffs, <br><br> vs. <br><br> Dillard's, Inc. d/b/a Dillard Store Services, Inc. aka Dillard's, aka Dillard's Department Stores Inc., Persohn/Hahn Associates, Inc. d/b/a Dillard's Persohn/Hahn Associates, Inc., and Schindler Elevator Corporation, <br><br> Defendants. | Civil Action No. 2:23-cv-01486-DCN <br><br><br> **NOTICE OF REMOVAL** <br><br> **(Jury Trial Demanded)** |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and without waiving any available defenses, Defendant Schindler Elevator Corporation ("Schindler"), by and through undersigned counsel, hereby removes the above-entitled action from the Court of Common Pleas for Colleton County, South Carolina, where it is currently pending, to the United States District Court for the District of South Carolina, Charleston Division. Removal is warranted under 28 U.S.C. § 1441 because this is a diversity action over which the Court has original jurisdiction under 28 U.S.C. § 1332. In support of this Notice of Removal, Schindler states as follows:

1. On or about November 16, 2022, an action was commenced in the South Carolina Court of Common Pleas for Colleton County, entitled *Deloris Jenkins, Cordelia Jenkins, and Carol Richardson v. Dillard's, Inc. d/b/a Dillard Store Services, Inc. aka Dillard's, aka Dillard's Department Stores Inc., Persohn/Hahn Associates, Inc. d/b/a Dillard's Persohn/Hahn*

*Associates, Inc., and Schindler Elevator Corporation*, Case No. 2022-CP-15-00954 ("State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. Plaintiffs allege that they sustained great bodily harm and severe and permanent injuries while utilizing an escalator at the Dillard's located at 100 Columbiana Circle, Columbia, SC 29212, in the Columbiana Centre. *See* **Exh. A**, Compl., ¶¶ 3, 18. Plaintiffs bring a negligence/gross negligence cause of action against all Defendants, *id.* ¶¶ 12–30, and a premises liability cause of action against Defendant Dillard's. *Id.* ¶¶ 31–34.

3. Schindler was served with a copy of the Summons and Complaint on March 15, 2023.

4. This case is properly removed to this Court because Schindler has satisfied the procedural requirements for removal pursuant to 28 U.S.C. § 1446, and this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

## I. **REMOVAL OF THIS ACTION IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332.**

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. By virtue of the provisions of 28 U.S.C. § 1441(a), this entire case is one that may be removed to this Court.

### A. **Complete Diversity of Citizenship Exists.**

6. Upon information and belief, Plaintiffs Deloris Jenkins, Cordelia Jenkins, and Carol Richardson are citizens and residents of Colleton County, South Carolina. *See* **Exh. A**, Compl., ¶ 1.

7. Schindler is a Delaware corporation with a principal place of business in New Jersey. Accordingly, Schindler is a citizen of Delaware and New Jersey. *See* 28 U.S.C.

§ 1332(c)(1).

8. Upon information and belief, Defendant Dillard's, Inc. is a Delaware corporation with a principal place of business in Arkansas. Accordingly, Dillard's, Inc. is a citizen of Delaware and Arkansas. *See* 28 U.S.C. § 1332(c)(1).

9. Upon information and belief, Defendant Persohn/Hahn Associates, Inc. is a Texas corporation with a principal place of business in Texas. Accordingly, Persohn/Hahn Associates, Inc. is a citizen of Texas. *See* 28 U.S.C. § 1332(c)(1).

10. Therefore, this action involves "citizens of different States." *See* 28 U.S.C. § 1332(a)(1). Because Plaintiffs are citizens of South Carolina and no Defendant properly joined and served is, or was at the time the action was commenced, a citizen of South Carolina, complete diversity of citizenship exists and removal of this action is proper under 28 U.S.C. § 1441(b).

### B. The Amount-in-Controversy Requirement Is Satisfied.

11. Even though Plaintiffs failed to state a specific amount in controversy in their Complaint, Schindler can still satisfy the amount-in-controversy requirement. Plaintiffs allege that "Plaintiffs fell while on the moving escalator, the escalator was not stopped immediately, and Plaintiffs were caused to sustain serious bodily injuries that required medical treatment, resulting in damages and severe and/or permanent injuries to her person." *See* **Exh. A**, Compl., ¶ 18. All Plaintiffs have also requested punitive damages. *Id.* ¶ 28.

12. Therefore, based on the allegations of Plaintiffs' damages as pled in their Complaint, Plaintiffs seek recovery in excess of $75,000, and the amount-in-controversy requirement for diversity jurisdiction is satisfied.

## II.  THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

13. Because Schindler is filing this Notice of Removal within the thirty-day timeframe provided by 28 U.S.C. § 1446(b), such removal is both timely and proper.

14. The Colleton County Court of Common Pleas, Fourteenth Judicial Circuit, State of South Carolina, is located within the District of South Carolina, Charleston Division. Venue of this removal is thus proper under 28 U.S.C. § 121(1) because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

15. Pursuant to 28 U.S.C. §1446(a), no other process, pleadings or orders were served upon, or otherwise received by, Schindler or its attorneys in the State Court Action except for the Complaint attached hereto as **Exhibit A**.

16. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are simultaneously being served upon counsel for all parties of record and the State Court from which this action was removed.

## III.  CONCLUSION.

17. This action involves a controversy wholly between citizens of different states and the amount in controversy in this cause exceeds the sum of $75,000, as appears from the allegations contained in Plaintiffs' Complaint and Plaintiffs' alleged past and future medical damages. Accordingly, this action is one over which the District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and having satisfied all procedural requirements, removal to this Court is proper under 28 U.S.C. § 1441.

18. This Notice of Removal is made without waiving any objections or defenses that Schindler may have to any defect in service or to the claims asserted against Schindler in the Complaint.

**WHEREFORE**, Schindler prays that this cause proceed in this Court as an action properly removed thereto.

                         NELSON MULLINS RILEY & SCARBOROUGH LLP

                         By: s/Scott D. MacLatchie
                              Christopher J. Daniels
                              Federal Bar No. 411
                              E-Mail: chris.daniels@nelsonmullins.com
                              Scott D. MacLatchie
                              Federal Bar No. 13028
                              E-Mail: scott.maclatchie@nelsonmullins.com
                              1320 Main Street / 17th Floor
                              Post Office Box 11070 (29211-1070)
                              Columbia, SC  29201
                              (803) 799-2000

                              *Attorneys for Defendant Schindler Elevator Corporation*

Columbia, South Carolina

April 12, 2023